## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| PAUL A. MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| vs. ) | CV-21 |
| ) | JURY DEMAND |
| ) | |
| PETROLEUM SERVICES ) | |
| CORPORATION PARENT, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**I.   JURISDICTION**

1.   This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq.*, brought by Plaintiff, Paul A. Mason ("Mason") against Defendant, Petroleum Service Corporation Parent, Inc. ("PSC" or "Defendant").  Plaintiff is a qualified individual with a disability.  Plaintiff alleges that Defendant discriminated against him based on his disability, his record of disability, and Defendant's perception of Plaintiff as disabled, in violation of the ADA.  Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, and reasonable attorney fees and costs.

2. This Court has jurisdiction in accordance with 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission, which he received on June 11, 2021.

## II.  PARTIES

4. Plaintiff, Paul A. Mason, is a citizen of the United States and a resident of Decatur, Morgan County, Alabama. Plaintiff is an individual with a disability, has a history of a disability, and is regarded by Defendant as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the essential functions of his position. Consequently, Plaintiff is a qualified individual as defined under the ADA.

5. Defendant, Petroleum Service Corporation Parent, Inc. is an "employer" as defined under the ADA and subject to compliance with the ADA. 42 U.S.C. §12111(5). Defendant is doing business in Decatur, Morgan County, Alabama.

## III. FACTUAL ALLEGATIONS

6. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-5 above.

7. Plaintiff began working for Defendant under its predecessor company approximately twenty-five (25) years ago. At some point in 2014, PSC took over the employment contract and Plaintiff worked for PSC until his termination.

8. Plaintiff was first employed as an Operation Loader. In approximately 2018, Plaintiff was transferred to the position of PIA Warehouse Technician and worked in that position until sometime in 2019, when he was moved back to load operations.

9. Because of Plaintiff's tenure with company, he was well qualified to be employed in numerous positions at PSC and knew the plant well. In addition, Plaintiff had very good attendance and no write-ups that he was aware of, other than a write-up for derailing a car approximately four years ago.

10. On or about May 27, 2020, Plaintiff became infected with Covid19 and was required to take leave under the Family Medical Leave Act (FMLA). His last day of work was May 28, 2020. During the course of his illness, Plaintiff was treated in the ICU for approximately fourteen days during the first half of June 2020.

11. Plaintiff's FMLA leave expired on or about August 19, 2020, but at the time, his physician would not fully release him to return to work because of the

damage to his lungs. Nonetheless, while his lung damage made it very difficult to do strenuous work, and caused difficulty breathing, Plaintiff could have returned to work with a reasonable accommodation.

12. In September 2020, Plaintiff spoke with Joe Hill, Sight Superintendent, and requested a reasonable accommodation or light work duty. Mr. Hill stated that there were no positions available to accommodate me.

13. Shortly thereafter, on October 2, 2020, Defendant sent Plaintiff a letter terminating his employment.

14. In said termination letter, PSC stated that it was "unable to find a position that will reasonably accommodation [my] restrictions." However, Plaintiff has been told by other employees that positions are available at PSC that would have accommodated him. Specifically, there are positions in the NDC and PIA warehouses, such as making, wrapping, and tying bags, or loading jobs, such as driving a forklift, that Plaintiff could have performed.

15. On information and belief, PSC continues to hire new employees to fill positions that Plaintiff could have performed and continues to fail to provide Plaintiff with a reasonable accommodation.

16. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, termination, and other benefits and conditions of employment. Additionally, Plaintiff has suffered

injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## IV.  CAUSE OF ACTION

17. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

18. Plaintiff is a person with a disability, as the term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled. *See* 42 U.S.C. 12102.

19. Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

20. Plaintiff is a qualified individual as defined under the ADA, Despite Plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of positions with Defendant, such as driving a forklift; loading jobs; or making, wrapping, or tying bags to name a few. *See* 42 U.S.C. 12111.

21. Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability in regarding to, *inter alia*, discipline, suspension, termination, and other terms, conditions, and privileges of employment. 42 U.S.C. 12112(a).

22. The ADA's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. 42 U.S.C. 12112(b)(3)A).

23. Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations as set out above. 42 U.S.C. 12112(b)(5)(A).

24. Defendant refused to engage in the interactive process in response to Plaintiff's requests for accommodations. Such accommodations would not have imposed an undue hardship on the operation of the Defendant's business.

25. In terminating Plaintiff, Defendant has maliciously, intentionally, and with reckless disregard discriminated against Plaintiff due to his disability, his record of disability, and Defendant's perception of Plaintiff as disabled. *See* 42 U.S.C. 12112.

26. Defendant has no legitimate, non-discriminatory reason for its conduct.

27. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Plaintiff has also suffered injury, including pain, humiliation, mental anguish, and suffering.

## V.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.*

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADA.

3. Enter an Order requiring Defendant to make Plaintiff whole in awarding him reinstatement, any lost position(s) and/or lost wages he would have earned in the absence of disability discrimination, back-pay (plus interest), compensatory and punitive damages, nominal damages, lost seniority, benefits, and lost pension.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL CLAIMS**

Respectfully submitted,

_____
Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

*Counsel for Plaintiff*

**DEFENDANT'S ADDRESS:**
To Be Served Via Certified Mail
    Petroleum Service Corporation Parent, Inc.
    c/o Registered Agent Solutions, Inc.
    2 North Jackson Street, Suite 605
    Montgomery, Alabama 36104

EEOC Form 161 (11/2020)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION     Received 6/11/2021 - CEE

## DISMISSAL AND NOTICE OF RIGHTS

To: Paul Mason

From: **Birmingham District Office**
Ridge Park Place
1130 22nd Street South
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-00108 | IRAN CRUZ, Investigator | (205) 651-7029 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for James C Love Sr*     APR 2 0 2021

BRADLEY A. ANDERSON,
District Director

(Date Issued)

Enclosures(s)

cc: PETROLEUM SERVICE CORPORATION
c/o Brian R. Carnie
KEAN MILLER, LLP
333 Texas Street, Suite 450
Shreveport, LA 71101

McPHILLIPS SHINBAUM, LLP
c/o Chase Estes
PO Box 64
Montgomery, AL 36104

Enclosure with EEOC
Form 161 (11/2020)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

Received 6/11/2021 - CEE

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*